IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| David Eugene Gregg, Sr., #296199, ) ) ) Petitioner, ) vs. ) ) NFN McCall, ) ) Respondent. ) ) | C/A No.: 4:08-cv-03423-GRA **ORDER** |

This matter comes before the Court to review Magistrate Judge Thomas E. Rogers' Report and Recommendation, filed on February 5, 2010. For the reasons stated herein, this Court adopts the magistrate's Report and Recommendation in its entirety.

Petitioner's initial complaint was filed on October 10, 2008, under 28 U.S.C. § 2254. On March 20, 2009, Respondent filed a Motion for Summary Judgement. On March 23, 2009, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1979), the magistrate advised Petitioner of the summary dismissal procedure and the possible consequences if he failed to respond adequately. Petitioner filed a Response in Opposition on April 20, 2009. The magistrate recommends granting Respondent's Motion for Summary Judgement.

Petitioner brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those

drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983).

Although objections were due February 22, 2010, Petitioner's signed his objections on February 23, 2010, and they were filed on March 1, 2010. Therefore, his objections are untimely. However, out of an abundance of caution, this Court will discuss Petitioner's objections.

The Court reiterates that it may only consider objections to the Report and Recommendation that direct this Court to a specific error. Petitioner's "objections" do

not refer to the magistrate's report; they merely rehash his initial arguments before the magistrate or restate the alleged facts of the case. These issues were correctly addressed by the magistrate and this Court will not address the issues a second time.

After a thorough review of the record, magistrate's Report and Recommendation, and the relevant case law, this Court finds that the magistrate applied sound legal principles to the facts of this case. Therefore, this Court adopts the magistrate's Report and Recommendation in its entirety.

IT IS THEREFORE ORDERED THAT Respondent's Motion for Summary Judgement is GRANTED and the Petitioner's Petition for Writ of Habeas Corpus is DENIED.

IT IS FURTHER ORDERED that all outstanding motions are DENIED as MOOT.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

March  4 , 2010
Anderson, South Carolina

# CERTIFICATE OF APPEALABILITY[1]

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

    **IT IS SO ORDERED.**

                                                                       */s/ G. Ross Anderson, Jr.*
                                                                       G. Ross Anderson, Jr.
                                                                       Senior United States District Judge

---

[1] On December 1, 2009, the Rules Governing Section 2254 and 2255 Cases in the United States District Courts were amended to require a District Court to issue or deny a certificate of appealability when a final ruling on a habeas petition is issued. *See* 28 U.S.C. § 2254, Rule 11(a); 28 U.S.C. § 2255, Rule 11(a). This amendment also encompasses motions to reconsider final rulings on habeas petitions. *See U.S. v. Haynes*, No. 09-7606, 2009 WL 4506466 (4th Cir. Dec. 9, 2009).